IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 1:14-CR-00055 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JESSE CRAIG WILKINSON, | * | ORDER DENYING |
| | * | COMPASSIONATE RELEASE |
| Defendant. | * | |
| | * | |

Before the Court is Defendant Jesse Craig Wilkinson's pro se Motion for Sentence Reduction. ECF No. 37. Defendant appears to seek compassionate release under the First Step Act.[1]

Defendant's Motion suffers from two problems. First, the statute's gatekeeping provision requires prisoners petition the Federal Bureau of Prisons (BOP) for compassionate release before making such a motion to the district court. 18 U.S.C. § 3582(c)(1)(A). A prisoner can then bring a motion directly to a district court after exhausting "all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* In other words, a defendant must show at least thirty days passed since his prison's warden received his compassionate release request. *United States v. York*, No. 3:11-CR-76, 2019 WL 3241166, at

---

[1] Given the liberal construction due to pro se pleadings and Defendant's mention of the First Step Act, Defendant's request is best characterized as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

1

*5 (E.D. Tenn. July 18, 2019). Here, Defendant has made no showing that thirty days have passed since such a request, much less that he made a request.[2]

Second, even if Defendant's Motion was ripe, the Court would have to deny relief. As relevant here, compassionate release requires that a Defendant provide extraordinary and compelling reasons that support his release. § 3582(c)(1)(a)(i). Although Congress did not define what constitutes "extraordinary and compelling," it did make clear that "[r]ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added).

Here, Defendant appears to offer only one principle reason for release: his rehabilitation. ECF No. 37 at 2. The Court applauds Defendant's efforts, but § 994(t) forecloses relief. Although the Defendant also argues (1) the Court's power to reduce sentences; (2) his state sentence; (3) his term of supervised release; and (4) his age—38 years old—also support his Motion, none of these constitute an extraordinary and compelling reason. For the foregoing reasons, the Court cannot grant compassionate release.

Defendant's pro se Motion is thus DENIED.

IT IS SO ORDERED.

Dated this 22nd day of May 2020.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

---

[2] Nor could Defendant likely argue § 3582(c)(1)(A)'s gatekeeping requirements could be waived in his circumstances. *See United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *4 n.7 (S.D. Iowa Apr. 29, 2020).

2